Hedrick v. Hedrick.

No. 15,703.

HEDRICK v. HEDRICK.

DIVORCE.—*Alimony.*—*Evidence.*—*Pension.*—For the purpose of determining the amount of alimony to be given, the wife may testify as to the amount of pension money the husband is receiving.

SAME.—*Alimony.*—*When Not Excessive.*—An allowance of $1,100 as alimony is not excessive where the custody of two small children is given to the wife, the three remaining children of the family being able to care for themselves, and the husband is the owner of real estate worth two thousand dollars, in the purchase of which three hundred dollars of the wife's money was used.

SAME.—*Custody of Children.*—*Discretion of Trial Court.*—*Supreme Court.*—The Supreme Court will not disturb an order of the trial court awarding the custody of the children, unless it appears that the court has abused its discretion.

From the Brown Circuit Court.

*W. C. Duncan* and *S. Hedrick*, for appellant.

*F. T. Hord, M. D. Emig* and *R. L. Coffey*, for appellee.

OLDS, C. J.—The appellant and appellee were husband and wife and had, as the fruits of their marriage, five living children, the oldest twenty-three and the youngest five years of age. Appellant brought this suit for divorce, and appellee filed a cross-complaint. They charged each other with cruel treatment as the grounds of divorce in the complaint and cross-complaint.

Issues were joined by answers in denial to the complaint and cross-complaint. The cause was tried by the court, resulting in a finding in favor of the appellee, giving to her a divorce, the custody of the two youngest children, both daughters, aged respectively five and eight years, and allowing to her $1,100 alimony.

The appellant filed a motion for a new trial, which was overruled and exceptions reserved, and then moved for a modification of the judgment which was also overruled and exceptions noted at the time.

The first alleged error discussed is, that the court erred in permitting the appellee to testify as a witness as to the amount of pension money the appellant was receiving from the United States on account of disabilities. It is contended that this was error for the reason that "in granting a divorce the court can only consider the financial ability of the husband at the time, as indicated by the owning of property or wealth which was the mutual earnings of the husband and wife," and that "a pension granted by the United States for disabilities acquired in the service can not be considered in any view as an element of wealth."

This testimony was not objectionable for the reasons urged by counsel.

The statute (section 1045, R. S. 1881) provides that "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper," etc.

For the purpose of determining the amount of alimony to be given in a particular case, the court has the right to inquire into the circumstances of the parties and ascertain the amount of property owned by the husband at the time, the source from whence it came, the ability of the husband to pay by reason of his financial circumstances, his income, and his ability to earn money, as well as his inability to earn money on account of ill health, and upon a full investigation it is the duty of the court to make such an allowance for alimony as is just and proper.

These parties had lived together for years as husband and wife, and had born to them six children, five of whom are still living, three being minors.

The court decreed a divorce in favor of the appellee, and gave her the custody of the two youngest children. The evidence showed the appellant to be the owner of real estate of the value of two thousand to twenty-two hundred dollars, and that he owned personal property to the amount of about

$400, and was indebted to the amount of the value of the personal property.

There was also evidence tending to show that the husband had used some $300 of the wife's money in the purchase of the real estate, the title to which was in his name, and that the wife had no property.

Under these circumstances it was quite proper for the court to inquire into the physical condition of the appellant, and his facilities for making or obtaining money, and the wants and needs of the husband, the wife and minor children.

It is next contended that the judgment for alimony is excessive.

We do not think it is. The custody of the two small children was given to the wife. There was but one other minor child, and she was sixteen years of age. The father was practically relieved of the liability for the support of the children, and this duty was cast upon the wife. *Husband v. Husband*, 67 Ind. 583; *Jonas v. Jonas*, 73 Ind. 601. See, also, *Faurote v. Carr*, 108 Ind. 123; *Mercer v. Mercer*, 114 Ind. 558. The allowance for alimony is not excessive.

It is next contended that the court erred in giving to the wife the custody of the two children. We do not deem it necessary to set out or give a synopsis of the evidence bearing upon this question. This was a question to be determined by the trial court. The judge trying the case saw the parties and witnesses and heard them testify. The children, the custody of whom was given to the mother, were two small girls, needing the care and attention of a mother. It was natural and proper to give them into the custody of the mother unless she was an unfit person to have the custody of them, or it was for the best interests of the children to give the father the custody of them.

The court trying the cause must exercise a discretion in regard to making provision for the children, and this court will not disturb the order made by the trial court unless it appears that there has been an abuse of such discretion.

There does not appear to have been any abuse of discretion in this case in giving the mother the custody of her two infant daughters.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 3, 1891; petition for a rehearing overruled June 19, 1891.