WEBB STANFORD *v.* MARTHA M. STANFORD.

[No. 2-474A83. Filed August 5, 1976.]

*Nelson G. Grills,* of Indianpolis, for appellant.

*David L. Martenet,* of Indianapolis, for appellee.

WHITE, J.—The husband appeals from the division of property and alimony provisions of a decree granting the wife an absolute divorce.[1] Holding that the evidence and

1. Since this opinion concerns a divorce case prosecuted under the former Ind. Ann. Stat. § 31-1-12-1 *et seq.* (Burns Code Ed., 1973), now replaced by the Dissolution of Marriage Act, Ind. Ann. Stat. § 31-1-

inferences reasonably to be drawn therefrom are sufficient to sustain the decision and to negate any suggestion of abuse of discretion, we affirm.

This divorce terminates a three-year, childless, marriage of a middle-aged widow and a middle-aged divorced man, both parents of grown children. The evidence and reasonable inferences most favorable to the decree disclose that the wife brought to the marriage a dwelling house purchased with the proceeds of her deceased husband's life insurance, household furnishings, a fishing boat, a $5,000.00 savings account and four cemetery lots (in one of which her deceased husband was buried). The total value of her assets is not shown, but the cash purchase price of the house was $10,-000.00. It was not mortgaged, but she had debts totaling $4,600.00. She had no income during the marriage. At the time of the marriage the husband had an equity of $3,000.00 in an out-of-town dwelling house he was purchasing on contract, a $400.00 pick-up truck and a $600.00 automobile. Subtracting his debts of $2,433.51 left him with a net worth of less than $1,566.49. (His worth is by his calculation.) During the marriage his income, by his testimony, totaled $30,503.40. During the marriage they bought, sold, and traded automobiles, a boat, a pick-up truck and camper, and other items by means of loans from finance companies. Eventually they mortgaged the wife's house (by then titled in both their names) to pay all their debts. Shortly thereafter the husband left the wife, but returned after she sued for divorce and obtained a restraining order. They then sold the house for $14,000.00. After paying sale expenses, the mortgage, and other debts, they had $2,000.00. Husband used $600.00 to buy a camper shell. $1400.00 remained on deposit in the bank. Husband left again and wife commenced the action which led to this appeal.

The decree gave each party the household furnishings and

---

11.5-1 *et seq.* (Burns Code Ed., 1976 Supp.) it has little, if any, bearing on dissolutions.

automobile then in her or his possession (without determination of value). Wife was given the $1400.00 bank deposit and the four cemetery lots (value not determined). Additionally, wife was awarded alimony of $3,150.00 payable in forty-two monthly installments of $75.00 each, to terminate at wife's death or remarriage. The alimony judgment is preceded in the decree by the statement that "[t]he Court considers that [wife] has only nominal income and that [husband] has an earning capability of $10,000.00 per year."

The appellant-husband takes no exception to the court's failure to find the value of the property set-off to each of the parties[2] nor does he seriously challenge the property division.[3] His only substantial argument for reversal is that the award of alimony is contrary to law since it can only be paid from future earnings and is obviously for wife's future support. He contends, based primarily on *Shula* v. *Shula* (1956), 235 Ind. 210, 132 N.E.2d 612, that future support is not a permissible purpose of alimony and that since virtually all of the property was awarded to the wife there is no valid basis for alimony.

Since this case was briefed we have held in *Wellington* v. *Wellington* (1973), 158 Ind. App. 649, 304 N.E.2d 347, 353, "that alimony serves a dual purpose—a method to aid in the equitable distribution of property and a method to provide continued maintenance or support if deemed appropriate". This holding was approved in *White* v. *White* (1975), 167 Ind. App. 459, 338 N.E.2d 749, 753, but shortly thereafter, in *Eppley* v. *Eppley* (1976), 168 Ind. App. 59, 341 N.E.2d 212, 217, *White* was ignored in holding alimony "is not awarded as future support for a wife. . . ." The Second District, however, adheres to *Wellington* in now holding that the trial court committed no error

2. See *Howland v. Howland* (1975), 166 Ind. App. 572, 337 N.E.2d 555, 49 Ind. Dec. 538.

3. His complaint that several small items of unspecified value were not ordered returned to him is ignored pursuant to the maxim *de minimis non curat lex.*

in providing for wife's future support by the alimony award. Furthermore, "the ability of the husband to earn money" is one of many factors to be considered in the granting of alimony. *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 500, 267 N.E.2d 555. The husband has failed to discharge his responsibility to show an abuse of discretion in this respect and the award must be affirmed. *Ibid* at 499.

Judgment affirmed.

Sullivan, J., concurs; Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 352 N.E.2d 93.