GARY JOHNSON *v.* SHERRY JOHNSON

[No. 2-476A164. Filed October 5, 1977.]

*Nathan Fogle*, of Indianapolis, for appellant.

*Hymen A. Cohen, Allan H. Cohen*, of Indianapolis, for appellee.

SULLIVAN, P.J.—The marriage of Gary Johnson and Sherry Johnson was dissolved by decree November 5, 1975. Husband appeals, contending that the trial court erred in ordering payment of wife's attorney fees and awarding an "alimony" judgment to the wife.

## I.

Husband was ordered to pay wife's attorney fees in the sum of $650, less $175 previously paid. He contends that the trial court abused its discretion in not considering the financial positions of the parties which, he contends, if properly considered, would have resulted in an apportionment of the fees. This argument requests a re-weighing of the evidence, which this court is not permitted to do. *In Re Marriage of Lewis* (1977) 172 Ind. App. 463, 360 N.E.2d 855, 856.

I.C. 31-1-11.5-16 (Burns Code Ed. Supp. 1976) gives the trial court wide latitude in ordering payment of attorney fees. To overturn such an award there must be a clear showing of an abuse of discretion. *Waitt v. Waitt* (1977) 172 Ind. App. 357, 360 N.E.2d 268, 275. The trial court was intimately familiar with the parties' financial situations and with the amount of work required of wife's attorney. *See Wireman v. Wireman* (1976) 168 Ind. App. 295, 343 N.E.2d 292, 298. The award herein is supported by the evidence and no abuse of discretion has been shown.

## II.

The dissolution decree awarded wife an "alimony" judgment in

the sum of $5,500. Husband asserts that this award is without legal foundation and therefore is a clear, uncontroverted abuse of discretion.

Use of the term "alimony" is no longer technically correct. Under prior law we recognized that an alimony award could be justified on two bases: as a method to aid in the equitable distribution of property and/or as a method to provide continued maintenance or support if deemed necessary. *Stanford v. Stanford* (1976) 170 Ind. App. 203, 352 N.E.2d 93, 95; *Wellington v. Wellington* (1973) 158 Ind. App. 649, 304 N.E.2d 347, 353. Under present law, however, what formerly was described as "alimony", must either be justified as a means for equitably distributing the marital property (and in this respect there is no change) or as maintenance, which may be granted only under somewhat restrictive specified circumstances. *See Liszkai v. Liszkai* (1976) 168 Ind. App. 532, 343 N.E.2d 799.

There is no evidence of record that wife is disabled, incapacitated or otherwise in need of future support and maintenance. *See* I.C. 31-1-11.5-9(c) (Burns Code Ed. Supp. 1976). Indeed, our search of the record does not reveal the basis upon which the "alimony" judgment rests.

The dissolution decree awarded husband a motorcycle and a stereo. The remaining property owned by the parties was awarded to wife. However, two items of personal property, a 1971 Buick Skylark and a mobile home, were not included in the property distribution.

Title to the mobile home is in the name of husband's parents, Theodore and Valeria Wolfe. It was occupied by the parties during their marriage pursuant to an agreement, the terms of which are in dispute. Wife testified that she and husband purchased the home by making a down-payment to Mr. and Mrs. Wolfe and assuming payment of the mortgage held by General Electric Credit Corp. The record contains a veritable volume of cancelled checks, drawn on the account of Gary and Sherry Johnson, made payable to the lender, General Electric Credit Corp. According to

wife's testimony, it was intended that when the lien was extinguished, the mobile home would be sold and the proceeds used as a down-payment on a new home.

Husband and Mr. and Mrs. Wolfe testified that there was no conditional sale of the mobile home, but rather that it was occupied under a rental agreement whereby the rent, in an amount equal to the mortgage payment, was paid directly to the lender.

Similarly, title to the 1971 Buick Skylark was registered to Mrs. Wolfe. The record establishes that this was done because of the parties' inability to obtain financing without a co-signator. Both Gary and Sherry Johnson testified that they were the sole users of the car and that they had made all payments to the lender. The record contains the cancelled checks drawn on their account and paid to the lender, General Motors Acceptance Corp.

Failure of the trial court to distribute this property may reflect a determination of inability to control disposition of chattels, legal title to which is not held by parties to the dissolution suit. *See Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41. The judgment could arguably represent either: (1) an erroneous distribution of property in excess of the marital assets [*see Wilcox v. Wilcox* (1977) 173 Ind. App. 661, 365 N.E.2d 792], or (2) a permissible division of the parties' equitable present possessory interest in the chattels described. *See Loeb v. Loeb* (1973) 261 Ind. 193, 301 N.E.2d 349. As noted, the record is unclear and does not disclose upon what basis the award rests. In such case, it is our duty to reverse the judgment insofar as it effects a distribution of property and remand to the trial court for further proceedings. *Harris v. Y.W.C.A.* (1968) 250 Ind. 491, 237 N.E.2d 242.

Affirmed in part, reversed in part and remanded to the trial court for further proceedings not inconsistent with this opinion.

Lowdermilk, J., (participating by designation) and

Buchanan, J. concur.

NOTE—Reported at 367 N.E.2d 1147.