## JAMES SAVAGE *v.* JEAN SAVAGE

[No. 1-777A148. Filed April 5, 1978.]

*Kimmell, Funk & Cummings*, of Vincennes, for appellant.

*Ramsey & Black*, of Vincennes, for appellee.

LYBROOK, P.J. — Petitioner-appellant James Savage (James) brings this appeal from the denial of his motion to correct errors filed in proceedings for dissolution of his marriage with respondent-appellee, Jean Savage (Jean). The sole issue raised on appeal is whether the trial court erred by awarding Jean a portion of James' monthly pension payments as part of the property settlement.

In November, 1976, James' Petition for Dissolution of Marriage was granted. The trial court apportioned to James as his part of the property settlement a car, his personal belongings and his personal checking and savings accounts. He was further ordered to assume and pay all the debts of the marriage. Jean was granted her personal belongings, her own checking and savings accounts, and her profit sharing account with her employer. James was also ordered to pay support in the sum of $150 per month for each month that their son Jeffrey was a full-time student until he graduated or until June, 1978, whichever first occurred. Although Jean introduced evidence to show that she

was in poor health and was incapacitated to such an extent as to materially affect her ability to support herself, the trial court made no finding that she was, in fact, so incapacitated and made no provision for her support as allowed under IC 1971, 31-1-11.5-9(c).

The evidence adduced at the final hearing showed that James had taken early retirement and was receiving a payment from a pension plan of $350 per month. Further, he was receiving an additional $600 per month as a bonus for taking early retirement. This latter bonus was to be paid only until some time in 1978. As a part of the property settlement, the trial court ordered that Jean was to receive the sum of $350 per month from the pension and bonus until the bonus payments expired, and one-third of the pension payments thereafter.

James argues that the trial court should not have ordered him to make monthly payments to Jean out of his monthly pension checks because such an order constitutes an award of maintenance and support despite the fact that no finding was made that Jean was incapacitated. He further argues that if the pension is divided as a marital asset, the pension must be computed at its present value with the award being in a lump sum based on that figure.

A problem arises in this case as a result of the repeal of our old divorce laws in 1973 and the enactment of the present Dissolution of Marriage Act. Because alimony is no longer a part of our divorce law, cases under old law which divided marital property by use of an alimony judgment often will not be applicable to property settlements under the new Dissolution Act. This is particularly true in light of the fact that some cases have held that alimony includes both property settlement and maintenance or support, *Stanford v. Stanford* (1976), 170 Ind. App. 203, 352 N.E.2d 93, while other cases have held that alimony embraces only a property settlement. *Eppley v. Eppley* (1976), 168 Ind. App. 59, 341 N.E.2d 212.

The present statute governing disposition of the marital assets, IC 1971, 31-1-11.5-11, states that:

> "[T]he court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by other joint efforts, in a

just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale."

Following the above quotation, the statute lists five factors which the trial court must consider when dividing marital property. However, no guidance is given as to precisely what constitutes "property" within the meaning of the statute. This court was faced with just such a problem in the recent case of *Wilcox v. Wilcox* (1977), 173 Ind. App. 661, 365 N.E.2d 792. In *Wilcox*, the wife argued that in dividing the marital assets, the trial court should have included, as one of the marital assets subject to division, the future income of the husband discounted to present value. She argued that her husband's future income as a college professor was attributable to the marriage and was therefore divisible as a martial asset. Her argument was answered by this court as follows:

"When determining what is to be divided, there is nothing in the statute which lends itself to the interpretation that future income is 'property' and therefore divisible. It appears that a vested present interest must exist for the item to come within the ambit of 'marital assets'. We cannot say that Gerald has a vested present interest in his future earnings and the legislature cannot be said to have considered it as such.

The legislature was apparently aware of this possible problem and enacted I.C. 1971, 31-1-11-5-9(c) (Burns Supp. 1976) which reads in pertinent part:

'(c) The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court.'

To allow the discounting of a future stream of income to be called 'property' runs contra to the statutory provisions forbidding maintenance without a showing of incapacitation. Regardless of the label attached to an award above the value of the marital assets, its true nature would shine through as maintenance. There-

fore, absent a showing of incapacitation by Gloria, she may not receive maintenance, regardless of the label she attempts to attach to the requested award." (Citation omitted). (Footnote omitted). 365 N.E.2d 795.

We feel that the reasoning expressed in *Wilcox* must control the property settlement in this case. James does not have a sufficient vested present interest in his future monthly pension payments so as to qualify those payments as "property" under the relevant statute. At the time of the decree of dissolution, James had only a contingent future interest rather than a vested present interest in the payments. He was not entitled to receive payment of his pension on demand, but rather was required to wait for monthly payments which were contingent upon his continued survival. While we realize that there are material differences between a salary that may be earned at some future time and the right to receive payments under a vested pension plan, it seems only too apparent that payments to be made from income to be received in the future constitutes an award of property in excess of the value of the martial assets and therefore constitutes an award of maintenance or support rather than a division of property. Because the trial court made no finding that Jean was incapacitated as required under IC 1971, 31-1-11.5-9(c), it was error for the court to order payments from James' pension plan payments.

Jean has cited two cases which she contends support a division of James' pension plan payments. Neither case was decided under the current dissolution statutes.

The first case cited is *Hedrick v. Hedrick* (1891), 128 Ind. 522, 26 N.E. 768. In this case, the husband appealed an alimony award claiming that the trial court should not have allowed the wife to testify as to his disability pension from the federal government. Our Supreme Court felt that the testimony was proper in that the trial court has a duty to examine all the relevant circumstances surrounding the parties, including the parties' respective abilities to earn income. An alimony award to the wife of $1100.00 was then affirmed.

The more recent case cited is *Stigall v. Stigall* (1972), 151 Ind. App. 26, 277 N.E.2d 802. In this case, the wife was awarded all title and in-

terest in a profit-sharing pension plan which the wife held in her name with her employer. However, she argued that because she was the absolute owner of the profit-sharing pension fund, it was improper for the trial court to set off the value of that account as a part of her share of the marital assets under the property settlement and that her share of the marital assets should not include the value of that account.

This Court held that it was proper to set off the value of that account against the other assets of the parties:

> "Even though a pension fund is personally earned, owned and in the name of one of the parties to the marriage contract, and is payable only to the person owning the same on reaching retirement age or on discontinuance of employment, it is, under the rules of the cases hereinabove recited, and in the opinion of this court, evidence to be taken into consideration by the court in determination of the amount of award of a property settlement." 277 N.E.2d at 811.

While the language of the *Stigall* decision is persuasive authority for Jean's position, we feel it is not controlling over the reasoning in *Wilcox*. In *Stigall*, the Court did not order the division of monthly pension benefits, but rather held, consistent with *Hedrick*, that a pension plan in the name of one spouse was an asset that must be *considered* in ordering the division of property. This holding is consistent with the requirements of IC 1971, 31-1-11.5-11 which require the trial court to consider certain factors in the division of property, such as the earning ability of each spouse. Furthermore, while it is not clear from the *Stigall* opinion, it appears that the profit sharing pension plan in that case was a fully vested fund of money under a defined contribution plan payable in a lump sum either on retirement or on resignation of employment. Conversely, the pension in the case at bar does not give the right of a lump sum payment but rather provides for periodic payments under a defined benefit plan, which payments are contingent upon the survival of the beneficiary. Because of this, and because *Stigall* was decided prior to the enactment of the dissolution of marriage act, no issue was raised or decided regarding an improper award of support or maintenance.

The trial court erred by apportioning James' future pension payments in the property settlement. While the rights of either spouse to

payments under a pension plan must be considered by the trial court in determining the manner in which marital assets are to be distributed, an actual award under the property settlement must consist of assets in which the parties have a vested present interest which is sufficient to qualify the asset as marital property. If the trial court desires to award periodic payments to one spouse as support, then it must make the requisite finding under IC 1971, 31-1-11.5-9(c) and designate the payments as such.

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 374 N.E.2d 536.