## GEORGE R. GOODWILL *v.* IMOGENE E. GOODWILL

[No. 2-476A133. Filed November 22, 1978.]

*Tommy L. Strunk,* of Indianapolis, for appellant.

*Russel White, William L. Schlosser, Schlosser, White & Schlosser,* of Indianapolis, for appellee.

SULLIVAN, J. — Petitioner-appellant George Goodwill appeals from the denial of his motion to correct errors filed pursuant to a decree dissolving his marriage with Imogene Goodwill.[1] The sole issue upon appeal is whether the trial court erred in awarding a judgment of $6,000.00 to the Wife and in making said judgment a lien upon Husband's pension fund.

Husband's Petition for Dissolution of Marriage was granted on November 12, 1975. The marital assets and responsibilities for debts were apportioned as follows: The Husband received real estate with an appraised value of $21,150.00 and a 1966 Pontiac, the value of which was not established. The Husband also incurred responsibility for $21,352.50 in debts consisting of a $20,452.50 balance on mortgages on the real estate and a $900.00 installment loan. The Wife was given the choice of household furniture worth $1,500.00 and was awarded a $6,000.00 "alimony judgment" which was made a lien upon Husband's Railroad Retirement Pension. The net value of the marital assets, without regard to the pension, was the value of the 1966 Pontiac minus the $602.00 representing the deficit of debts over and above the value of the real estate and furniture.

The Husband contends that the $6,000.00 judgment to the Wife constituted an abuse of discretion in that the award exceeded the value

---

1. Husband petitioned for and was granted a belated appeal. The notice from the trial court of the overruling of the motion to correct errors was dated January 8, 1976. The notice, however, did not recite that the actual ruling had been rendered on January 6, 1976. Thus, appellant in reasonable reliance upon the date stated in the notice computed the last date for filing the record as April 7, 1976, instead of April 5, 1976. *See Adams v. Callahan* (178 S 6, unpublished Supreme Court order, January 11, 1978); *Costanzi v. Ryan* (1977), 175 Ind.App. 257, 368 N.E.2d 12; *Compare Soft Water Utilities Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745.

of the marital assets available for distribution. We agree.

The trial court erroneously described the award as an "alimony judgment". Alimony is no longer recognized under Indiana law. *See Johnson v. Johnson* (1977), 174 Ind.App. 408, 367 N.E.2d 1147. It is readily apparent that the award was an attempted property division since the trial court denominated it a "Property Settlement" and since the judgment calls for payment in gross rather than in payments of an indefinite duration. Although there is evidence of the Wife's inability to earn a living, the trial court made no finding of incapacity nor did it designate the award as maintenance. *Compare Farthing v. Farthing* (1978), 178 Ind.App. 336, 382 N.E.2d 941. Thus, the $6,000.00 judgment bears scrutiny as a method of property division and may be validated only if the Husband's pension plan constitutes a divisible marital asset under IC 31-1-11.5-11 (Burns Code Ed. Supp. 1978). his 60th year.

The Husband, 55 years old at the time of trial, testified that, under the Railroad Retirement Act, he could elect to retire at age 60 and receive 80% of the full pension or retire at age 65 and receive the fully-matured benefits. There is no evidence indicating that benefits would result should the Husband either retire before or fail to survive until his 60th year.

In *Savage v. Savage* (1978), 176 Ind.App. 89, 374 N.E.2d 536, the trial court also awarded to the wife a portion of the husband's monthly pension payments. In *Savage*, unlike here, the husband had already retired and was receiving periodic payments which would apparently continue as long as he survived. The award was reversed, and the Court in doing so stated, concerning IC 31-1-11.5-11:

"... [T]he statute lists five factors which the trial court must consider when dividing marital property. However, no guidance is given as to precisely what constitutes 'property' within the meaning of the statute. This court was faced with just such a problem in the recent case of *Wilcox v. Wilcox* (1977), [173] Ind.App. [661], 365 N.E.2d 792. In *Wilcox*, the wife argued that in dividing the marital assets, the trial court should have included, as one of the marital assets subject to division, the future income of the husband discounted to present value. She argued that her husband's future income as a college professor was attributable to the marriage and

was therefore divisible as a marital asset. Her argument was answered by this court as follows: 'When determining what is to be divided, there is nothing in the statute which lends itself to the interpretation that future income is "property" and therefore divisible.

It appears that a vested present interest must exist for the item to come within the ambit of "marital assets". We cannot say that Gerald has a vested present interest in his future earnings and the legislature cannot be said to have considered it as such. . . .' " 374 N.E.2d at 538.

\* \* \*

"We feel that the reasoning expressed in *Wilcox* must control the property settlement in this case. James does not have a sufficient vested present interest in his future monthly pension payments so as to qualify those payments as 'property' under the relevant statute. At the time of the decree of dissolution, James had only a contingent future interest rather than a vested present interest in the payments. He was not entitled to receive payment of his pension on demand, but rather was required to wait for monthly payments which were contingent upon his continued survival. While we realize that there are material differences between a salary that may be earned at some future time and the right to receive payments under a vested pension plan, it seems only too apparent that payments to be made from income to be received in the future constitutes an award of property in excess of the value of the marital assets and therefore constitutes an award of maintenance or support rather than a division of property. Because the trial court made no finding that Jean was incapacitated as required under IC 1971, 31-1-11.5-9(c), it was error for the court to order payments from James' pension plan payments." 374 N.E.2d at 538-539.

In the case before us, the Wife's claim is even less compelling than that presented in *Savage, supra.* Here the Husband has yet to reach the age upon which any retirement benefits accrue. The pension plan is neither a present nor a vested interest as is required for disposition under the Indiana Dissolution of Marriage Act.[2] *See Wilcox v. Wilcox* (1977), 173 Ind.App. 661, 365 N.E.2d

---

2. To be distinguished is the permissible practice of treating a spouse's pension plan as a factor to be considered in dividing existing marital property. *See Stigall v. Stigull* (1972), 151 Ind.App. 26, 277 N.E.2d 802; *See also Savage v. Savage, supra,* 374 N.E.2d 536.

792; *Johnson v. Johnson, supra,* 367 N.E.2d 1147. The $6,000.00 judgment therefore constituted an abuse of discretion in that it exceeded the value of the marital property available for distribution.

Judgment reversed and the cause is remanded for further proceedings.

Buchanan, C.J. and

Miller, J., concur.

NOTE—Reported at 382 N.E.2d 720.