**In re the MARRIAGE OF Joyce A. DREFLAK and William F. Dreflak.**

**No. 2–478A134.**

Court of Appeals of Indiana, Second District.

Aug. 27, 1979.

David W. Foley, Indianapolis, for appellant.

Louis H. Borgmann, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

Appellant Joyce A. Dreflak appeals the decision of the trial court disposing of assets in the dissolution proceedings.

We affirm.

FACTS

The parties were married on May 29, 1968. They separated at the end of May, 1977, and the Petition for Dissolution was filed on April 27, 1978.

Joyce brought into the marriage a house (which they sold four years later and used the proceeds to invest in a new house), $200.00 savings, furniture, and a 1964 Ford automobile. William had a 1968 Pontiac with payments still owing. Joyce worked periodically during their marriage as a waitress and secretary. William had a real estate license, sold real estate and was a salesman at his parents' liquor store. Two children from Joyce's former marriage lived with the parties.

The dissolution decree distributed to Joyce the real estate, subject to a mortgage and a $9,000.00 judgment lien in favor of William, an automobile, and all the furniture, household goods and items in her possession. William was awarded a bottle collection, a coin collection, retirement benefits, a second automobile, and the judgment lien on the real estate. The parties disagreed as to the estimated net value of the above property.[1]

In 1976, William inherited a one-third interest in a liquor store, formerly owned and operated by his parents and valued between $23,000 and $27,000. The court determined that the liquor store interest was not subject to distribution between the parties but remained his sole and separate property.

## ISSUE

Joyce raises as her sole issue for review whether the trial court abused its discretion in disposing of the parties' assets under Ind.Code 31–1–11.5–11.

Joyce contends that any inheritance acquired prior to the final separation is subject to disposition, thus it was error for the trial court to make an award which did not include the liquor store interest. William contends that the trial court had discretion to determine whether or not an asset is marital property to be distributed.

## DECISION

CONCLUSION—The inheritance was subject to disposition by the trial court.

The guidelines for the court in dividing the property of the parties is well defined:

In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court *shall divide the property of the parties,* whether owned by either spouse prior to the marriage, *acquired by either spouse in his or her own right after the marriage and prior to final separation* of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable *the court shall consider the following factors:*

(a) [t]he contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) *[t]he extent to which the property was acquired by each spouse* prior to the marriage or *through inheritance* or gift;

(c) [t]he economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) [t]he conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) [t]he earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

(emphasis supplied)

Ind.Code 31–1–11.5–11.

We stated the applicable standard of review in *In Re the Marriage of Hirsch* (1979), Ind.App., 385 N.E.2d 193, 196:

---

1. Joyce valued her distribution at $21,820.00 and William's assets at $17,952.00. William

appraised her assets at $29,518.00, and his assets at $16,748.00.

When considering the propriety of a property division, this Court does not weigh the evidence, but examines the division only for an abuse of discretion. *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792; *In re Marriage of Lewis* (1977), Ind.App., 360 N.E.2d 855; *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41. The court has broad discretionary power in determining the disposition of property. *Eppley v. Eppley* (1976), Ind. App., 341 N.E.2d 212. IC 1971, 31–1–11.-5–11 merely requires the court to divide the property "in a just and reasonable manner." The court is not required to divide the property equally between the parties. *In re Marriage of Dougherty* (1978), Ind.App., 371 N.E.2d 1328; *Trimble v. Trimble* (1976), Ind.App., 339 N.E.2d 614.

"The standard employed by our appellate courts in such a review is whether the result reached is clearly against the logic and effect of the facts and circumstances before the court, including the reasonable inferences that might be drawn therefrom. *In re Marriage of Miles* (1977), Ind.App., 362 N.E.2d 171; *Geberin v. Geberin* (1977), Ind. App., 360 N.E.2d 41." *In Re the Marriage of Osborne* (1978), Ind.App., 369 N.E.2d 653.

The trial court's disposition of the marital property revolves around its determination of what is "just and reasonable" under the circumstances of the particular case. In *Osborne* this Court construed the term "just" as employed in the statute to evoke concepts of fairness and equity and of not doing wrong to either party; and stated that ascertaining what is just and reasonable depends upon the facts before the court. We further stated that it was clear that the enumerated factors in the statute provide a basis upon which the trial court may determine that just and reasonable does not necessarily mean equal or relatively equal:

What is less clear is the extent to which the court may consider evidence concerning one of the factors and then within its discretion properly minimize the impact of that factor in achieving its final result. We believe the answer lies in the primary, if somewhat nebulous, mandate that the court must be "just and reasonable." In other words, there must be a rational basis for its action, and when there is none, error is committed. Having so said, we reiterate that in many cases other factors will offset a particular contribution by one spouse and will themselves provide the rational basis. This may occur even though there is no specific offsetting occurrence to point to. Thus, for example, the effect of one spouse bringing a vast amount of property into a marriage must be considered by the court. However, the effect of that contribution may in a given case be largely discounted where the property is consumed by the parties during their married life or where it, or its equivalent, is maintained or increased through the efforts of both during many years of marriage. Depending upon the total circumstances it may be just and reasonable in either instance to accord little weight to a particular spouse's initial contribution in determining the final disposition of property.

369 N.E.2d at 656.

In *Osborne* the husband had contributed equally to the marital assets accumulated prior to and during the marriage. This Court found that the trial court had abused its discretion when it awarded substantially all these assets to the wife, leaving the husband primarily only his inheritance. It was not just and reasonable to deny the husband a reasonable share of the property to which he had so substantially contributed.

■ In finding a reasonable basis for disposition of the property the trial court may look to the role of each spouse in contributing to, maintaining, increasing, consuming, and disposing of the property during the years of the marriage. *See Osborne, supra.*

In its judgment the trial court found, in part, the following:

The court also finds that the Husband inherited during the marriage an interest in a liquor store. The court has considered the Husband's liquor store inter-

est, and the court finds that this property is *not marital property subject to disposition* under § 31–1–11.5–11(b) because it was an inheritance. And therefore, this property cannot be distributed among the parties, and the property must remain as the Husband's sole and separate property.

\* \* \* \* \* \*

WHEREFORE, IT IS ORDERED, AD-JUDGED AND DECREED \* \* \*

. . . The liquor store interest, not being an asset subject to distribution in this case because it was inherited by the Husband, is to remain in the Husband's name as his property.

(emphasis supplied)

The "one pot" theory preserved by Ind.Code 31–1–11.5–11(b) specifically prohibits the exclusion of any assets from the scope of the trial court's power to divide and award. Therefore, the trial court erroneously characterized the inheritance as "not marital property subject to disposition."

However, the property division made by the trial court can be sustained as just and reasonable because it has a rational basis to support it. Considering the nature of this inheritance, that he had helped operate the family-run business, that it was received within a year before the parties separated, the fact that under both parties' calculations William received less of the other assets, and that the inherited interest would have comprised thirty-three percent to forty percent of the parties' net assets had it been totally included in the disposition, we cannot say that the result reached is clearly against the logic and effect of the facts and circumstances before the trial court.

Finding no abuse of discretion by the trial court, we affirm.

STATON and SULLIVAN, JJ., concur.