**Artemio S. LIBUNAO, Appellant (Respondent Below),**

v.

**Joyce L. LIBUNAO, Appellee (Petitioner Below).**

**No. 1–978A254.**

Court of Appeals of Indiana, First District.

June 13, 1979.

Gary K. Kemper, Madison, for respondent-appellant.

Charles T. Bate, Shelbyville, for petitioner-appellee.

## PETITION FOR REHEARING

ROBERTSON, Judge.

Artemio S. Libunao (Artemio) has filed a petition for rehearing following an adverse decision by this court (*Libunao v. Libunao*, (1979) Ind.App., 388 N.E.2d 574 (1979), and raises six specifications of error, one of which merits further discussion.

Artemio alleges error in our determination that he had failed to properly preserve as error the award of the family residence to his former wife Joyce in light of a modified custody decree which granted custody of five of seven children to Artemio. To recapitulate, Artemio filed two motions directly to the dissolution decree. The first was a petition to modify child custody largely based on circumstances occurring after the decree was entered. The only relief sought in the petition was a modification of that part of the decree which award-

---

ed all of the children to Joyce. After a temporary modification order was entered in his favor, Artemio filed a timely motion to correct errors which was directed, *inter alia,* to the disposition of the marital assets. In this latter motion, Artemio did not allege as grounds for error in the property distribution the changed circumstances which prompted the filing of the petition to modify custody of the children, nor did he set forth as grounds for relief the fact that he had obtained a favorable temporary custody modification order. Thereafter, the trial court made the temporary custody order permanent, and then overruled Artemio's motion to correct errors.[1]

On appeal to this court Artemio vigorously contended that the property disposition, and in particular the award of the residence, was in error on the grounds that he had subsequently been awarded custody of five children. As is apparent from the foregoing, these grounds were never asserted in Artemio's motion to correct errors. Rather, the grounds for the alleged error was the award of the residence as an *asset of the marital estate.* On appeal, however, Artemio claimed the award was an abuse of discretion *in the context of a residence for the children.* Since only the former was specifically alleged as ground for the claimed error in the motion to correct errors, we held that Artemio had waived the error based on other grounds not specified therein, *i. e.,* the custody modification decree. 388 N.E.2d at 578. Our result in this particular was no more than a restatement of existing case law to the effect that grounds not specified in the motion to correct errors are not properly preserved for appellate review. *Board of Commissioners of Delaware County v. Briggs,* (1975) Ind. App., 337 N.E.2d 852. *See also Schmidt Enterprises, Inc. v. State,* (1976) Ind.App., 354 N.E.2d 247; *Indiana State Highway Commission v. Thomas,* (1976) Ind.App., 346 N.E.2d 252; *Ind.Rules of Procedure, Trial Rule* 59(B), (G).

Secondly, we were influenced by our legislature's clear intent that property distri-

butions are final subject only to a timely appeal (absent a showing of fraud). *See Covalt v. Covalt,* (1976) Ind.App., 354 N.E.2d 766. By filing a timely motion to correct errors directed to the property award, Artemio successfully preserved the only avenue for a review thereof. The principle of finality in a property disposition award could be eroded, however, if the result of an *independent* procedural attack on the decree could be alleged as grounds for error in the property award for the first time on appeal.

With this further elaboration, the petition for rehearing is in all respects denied.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

1. No appeal was perfected from the custody modification decree.