Ralph IRWIN, Appellant (Petitioner Below),

v.

Betty J. IRWIN, Appellee (Respondent Below).

No. 2–479A94.

Court of Appeals of Indiana, Second District.

June 26, 1980.

Rehearing Denied Aug. 7, 1980.

Vincent Kelley, Kelley, Arnold & Howard, Anderson, for appellant.

Trent M. Patterson, Gallivan, Hamilton, Hamilton, Seese & Patterson, Bluffton, for appellee.

SHIELDS, Judge.

In a dissolution of marriage action, husband appeals from that portion of the decree fixing the property rights of the parties. In this appeal, husband questions, generally, whether the trial court abused its discretion in awarding wife sixty (60%) percent of the marital assets. Husband also specifically contends the trial court erred: (1) in considering wife's ill health and the parties' disproportionate earning abilities; (2) in including property he acquired after the parties' final separation among the marital assets; (3) in failing to credit husband for the amounts he paid on the parties' indebtedness after the final separation and prior to the entry of the final decree; and (4) in admitting evidence of an unvested pension husband will receive upon retirement.

Affirmed in part; reversed in part.

The facts most favorable to the decree reveal that at the time of the dissolution the husband was fifty-six (56) years of age and the wife was fifty-one (51). They had been married since 1947 and the marriage produced six (6) children, of which four (4) are currently living and emancipated. Husband has been employed at Container Corporation since October 7, 1941, earning a "take home" pay of approximately two hundred and fifty ($250) dollars per week. Husband also receives a disability pension from the Veterans Administration in the sum of one hundred and thirteen ($113) dollars per month. Wife has been a housewife and, for the last six (6) years, employed at the Methodist Memorial Home, earning a "take home" pay of approximately one hundred and two and 50/100 ($102.50) dollars per week.

The parties, by their joint endeavors, accumulated a small farm consisting of forty-one and one-half (41.5) acres, farming equipment, four (4) cemetery lots, and numerous and divers items of personal property. Excluding the four (4) cemetery lots [valued at five hundred ($500) dollars], personal property retained by husband [valued at one thousand one hundred and eighty ($1,180) dollars], personal property retained by wife [valued at eight hundred and forty ($840) dollars], and one and one-half (1.5) acres of land retained by husband [valued at one thousand eight hundred and seventy-five ($1,875) dollars], the parties agreed to sell all their property and to pay all their debts from the proceeds. The marital asset resulting from the sales, after payment of the parties' debts in the amount of twelve thousand six hundred and twenty-two and 54/100 ($12,622.54) dollars, totalled forty-three thousand three hundred and fifteen and 29/100 ($43,315.29) dollars.

Thus, after payment of the parties' debts, the total marital assets of the parties, including the four (4) cemetery lots, the personal property retained by both husband and wife, and the one and one-half (1.5) acres of land retained by husband amounts to forty-seven thousand seven hundred and ten and 29/100 ($47,710.29) dollars.

Although, as discussed *infra*, there appears to be a discrepancy between the final decree and the agreed entry and order, as well as errors in computations contained therein, the trial court awarded wife sixty

(60%) percent of the marital assets and husband forty (40%) percent.

Husband first contends the trial court, in making its division, erroneously considered wife's "ill health and disproportionate earning abilities of the parties." We disagree.

■■■ The disposition of assets is a matter within the sound discretion of the trial court. *Johnson v. Johnson,* (1976) Ind.App., 344 N.E.2d 875. On review, we will not weigh the evidence but will examine the division only for an abuse of discretion. *In re Marriage of Hirsch,* (1979) Ind.App., 385 N.E.2d 193. Reversal is proper only when the resulting division is clearly against the logic and effect of the facts and circumstances before the court. *In re Marriage of Davis,* (1979) Ind.App., 395 N.E.2d 1254. Moreover, a just and reasonable division of the property does not require the court to divide the property equally between the parties. *Libunao v. Libunao,* (1979) Ind. App., 388 N.E.2d 574.

IC 1971, 31–1–11.5–11 (Burns Code Ed., Supp.1978) prescribes the method by which the court shall divide the property of parties upon a dissolution of their marriage:

"In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"In determining what is just and reasonable the court shall consider the following factors:

"(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

"(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

"(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

"(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

"(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

■■■ Subsection (e) of IC 31–1–11.5–11 provides that one of the factors to be considered when dividing marital property is the earnings or earning ability of the parties. Thus, the trial court clearly did not err in considering the "disproportionate earning abilities of the parties." Moreover, the trial court did not err in considering wife's "ill health." Such fact was relevant to her earning ability and, therefore, properly considered under subsection (e) of IC 31–1–11.5–11. Furthermore, wife's ill health is also relevant to "the economic circumstances of the spouse at the time of the disposition of the property" and, therefore, properly considered under subsection (c) of IC 31–1–11.5–11.[1]

■■■ Husband next contends the trial court erred in including among the marital assets subject to division an industrial board award he received after the parties' final separation, in the amount of two thousand

---

1. Moreover, to the extent husband is arguing the division of marital assets constituted a maintenance award to wife, he is in error. The trial court made no finding wife was physically or mentally incapacitated pursuant to IC 1971, 31–1–11.5–9(c) (Burns Code Ed., Supp.1978), nor did it make an award over and above the actual physical assets of the marital relationship. Cf. *Farthing v. Farthing,* (1978) Ind.App., 382 N.E.2d 941.

two hundred and forty ($2,240) dollars. We agree.[2]

IC 31–1–11.5–11 provides, in pertinent part:

". . . the court shall divide the property of the parties . . . acquired . . . *prior to final separation* of the parties . . .." (emphasis added).

In *In re Marriage of Hirsch, supra*, 385 N.E.2d, at 196, the Court noted:

"Property acquired after final separation is not subject to division as a marital asset."

*But see In re Marriage of Davis, supra.*

■ Thus, it was error for the trial court to include among the assets subject to division this property husband acquired after the parties' final separation.[3]

Moreover, wife is incorrect in contending "[t]here is no indication as to whether or not the court considered the amount [of the industrial board award] a joint asset [subject to division]." The final decree reveals that nine thousand nine hundred and eighty-eight and 29/100 ($9,988.29) dollars, representing "property already received," was to be credited against husband's forty (40%) percent award of the marital assets. The final decree also clearly reveals that, in arriving at this amount ($9,988.29), the trial court included husband's two thousand two hundred and forty ($2,240) dollar industrial board award. Thus, since the trial court credited, *inter alia*, the two thousand two hundred and forty ($2,240) dollars against husband's forty (40%) percent share of the marital assets, it is evident husband's industrial board award was indeed included among the marital assets and not, as wife erroneously contends, merely considered as a factor in determining the manner in which the assets were to be divided.

■ Husband also contends he should have received a credit for six thousand two hundred and thirty-seven and 25/100 ($6,237.25) dollars, representing the amount he paid on the parties' indebtedness after the final separation and prior to the entry of the final decree. We disagree.

At the final hearing, husband testified at great length as to the parties' debts and the amounts he had paid on those debts subsequent to the final separation. Thus, the trial court heard the evidence of husband's payments on the parties' indebtedness and took such fact into consideration in making its final disposition. Husband, in essence, is inviting this Court to reweigh the evidence and recompute the property division. This we cannot do. *In re Marriage of Julien*, (1979) Ind.App., 397 N.E.2d 651.

Moreover, to the extent husband is arguing the trial court was required to credit him for the payments he made on the parties' debts subsequent to the final hearing and prior to the entry of the decree, he is in error. Both parties agreed, at the final hearing, that all debts were to be paid out of the proceeds derived from the sales of their property and, therefore, husband was under no obligation to make payments on the parties' debts after the final hearing. Thus, husband must be deemed to have volunteered the amounts he expended on the parties' debts subsequent to the final hearing and prior to the entry of the final decree.

The court's distribution reflects the required statutory considerations and, under the circumstances of this case, we cannot say the property division was against the logic and effect of the evidence before the trial court. We find no abuse of discretion in failing to credit husband for the amounts he paid on the parties' indebtedness after the final separation and prior to the entry of the final decree.

Husband's final contention is that the trial court erred in admitting evidence, at

---

**2.** Appellee-wife does not contend, nor do we find, that husband was vested with a present interest in the industrial board award at the time of the parties' final separation.

**3.** This is not to say, however, that the industrial board award is to be disregarded by the trial court *in toto*. Property acquired by a spouse after the parties' final separation may properly be taken into consideration by the trial court in determining the just and reasonable manner in which the parties' total marital assets are to be distributed pursuant to subsections (c) and (e) of IC 31–1–11.5–11. *In re Marriage of Davis, supra.*

the final hearing, of a pension he will receive upon retirement.[4] We disagree.

 While husband is correct in contending an unvested pension is not a divisible marital asset in a dissolution proceeding, his arguments fail to distinguish between including such a pension as a marital asset subject to division and *consideration* of such a pension as a factor before a determination is made as to the manner in which the assets are to be divided. While the former is prohibited, the latter is proper. *See Libunao v. Libunao, supra; Savage v. Savage,* (1978) Ind.App., 374 N.E.2d 536. In the case at bar, the trial court did not include husband's unvested pension as a marital asset subject to division. Rather, the court properly considered such pension as a factor in making the property distribution. IC 31-1-11.5-11(c) and (e).

The judgment is reversed insofar as the trial court included property husband acquired after final separation as a marital asset subject to division and remanded with instructions to exclude this two thousand two hundred and forty ($2,240) dollars from the total marital assets. The judgment of the trial court awarding wife sixty (60%) percent of the marital assets and husband forty (40%) is affirmed.[5]

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

4. This pension, based upon his employment, is distinct from Husband's V.A. disability pension.

5. On remand, we direct the trial court's attention to certain discrepancies between the final decree and the "Agreed Entry and Order," as well as apparent errors in computations in the latter.

The record reveals the following marital assets subject to division:

(1) from sale of real property, forty-five thousand nine hundred and five and 40/100 ($45,905.40) dollars;

(2) from sale of personal property, six thousand and thirty-two and 43/100 ($6,032.43) dollars;

(3) check from sale of personal property payable to husband, four thousand ($4,000) dollars;

(4) four (4) cemetery lots, five hundred ($500) dollars;

(5) personal property retained by wife, eight hundred and forty ($840) dollars;

(6) personal property retained by husband, one thousand one hundred and eighty ($1,180) dollars; and

(7) one and one-half (1.5) acres of land retained by husband, one thousand eight hundred and seventy-five ($1,875) dollars.

Thus, the total marital assets amounted to sixty thousand three hundred and thirty-two and 83/100 ($60,332.83) dollars. The total debts paid after the sales amounted to twelve thousand six hundred and twenty-two and 54/100 ($12,622.54) dollars. Thus, the total marital assets subject to division after payment of the debts amounts to forty-seven thousand seven hundred and ten and 29/100 ($47,710.29) dollars (excluding, of course, the amount husband received from the industrial board).

Wife's sixty (60%) percent share of this amount would equal twenty-eight thousand six hundred and twenty-six and 17/100 ($28,626.17) dollars. Crediting wife for the four (4) cemetery lots and property retained, she would be entitled to a cash award of twenty-seven thousand two hundred and eighty-six and 17/100 ($27,286.17) dollars, not including the award of attorney fees.

Husband's forty (40%) percent share of the total marital assets equals nineteen thousand and eighty-four and 12/100 ($19,084.12) dollars. Crediting husband for the property retained, the one and one-half acres of land retained, and the four thousand ($4,000) dollar check payable to him, he would be entitled to a cash award of twelve thousand and twenty-nine and 12/100 ($12,029.12) dollars (not excluding the attorney fees he was ordered to pay wife).