Ruth Ann SEDWICK,
Respondent-Appellant,

v.

Edwin S. SEDWICK, Petitioner-Appellee.

No. 1–682A127.

Court of Appeals of Indiana,
First District.

March 7, 1983.

Molly P. Rucker, Indianapolis, for respondent-appellant.

James E. Bourne, Orbison, O'Connor, MacGregor & Mattox, New Albany, for petitioner-appellee.

RATLIFF, Judge.

## STATEMENT OF CASE

Ruth Ann Sedwick appeals from the trial court's property settlement and child support awards in a dissolution of marriage decree. We affirm in part and reverse in part.

## FACTS

Ruth Ann and Edwin S. Sedwick were married on June 21, 1969. Edwin filed his dissolution petition on June 30, 1981, at which time the only child of the marriage, Marcus, was seven years old. The court dissolved the marriage on September 30, 1981, and granted the parties joint custody of Marcus. Disposition of the matters of child support and property was made on December 7, 1981. Ruth Ann appeals the December decree.

## ISSUES

1. Did the trial court err in characterizing Edwin's structured settlement annuity as future income and excluding it from the marital assets subject to division?

2. Did the trial court err in its determination of the amount of child support?

## DISCUSSION AND DECISION

*Issue One*

Ruth Ann contends that the trial court abused its discretion in specifically excluding from the marital pot a structured settlement annuity which Edwin accepted in payment for services he rendered as an attorney in a personal injury case and which provided for nine annual payments of $40,000 each to Edwin or, in the event of his death, to the named beneficiaries, Ruth Ann or Marcus. At the time of the dissolution proceedings, eight payments were still owing under the policy. Ruth Ann challenges the trial court's findings numbered 32 and 33 and ruling number 19:

"32. That under annuity agreement, annual payments are to be made to the husband, if he survives, in the annual amount of Forty Thousand Dollars ($40,000.00) per year, for eight (8) remaining years: That the husband has to be alive to receive these payments: That in the event the husband dies during the period of time payments are to be made to him, the remaining payments, if any, will go to Ruth Ann Sedwick, irrevocable beneficiary under said annuity: That the husband cannot change beneficiaries under said annuity: That the husband cannot demand payment in advance under said annuity nor can the husband cash said annuity in for monies or otherwise: That

the husband cannot assign any payments to be made under said annuity: That any of the remaining payments to be made under said annuity are to be made in the future; and that any payments under said annuity in the future to the husband are wholly contingent upon the husband's survival.

"33. That any future income which the husband may receive pursuant to said annuity contract should not be considered marital property."

Record at 166–67.

"19) That any income which the husband may receive in the future pursuant to the annuity contract hereinbefore referred to is hereby declared not to be marital property subject to distribution in this action."

Record at 172.

We agree with Ruth Ann that the trial court erred in concluding that the annuity was future income and in excluding it from consideration as a marital asset whose value could be divided between the parties. Indiana Code Section 31–1–11.5–11(b) requires a trial court to divide the property of the parties "whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, . . ." The term "property" is defined at Indiana Code Section 31–1–11.5–2(d) as "all the assets of either party or both parties, including a present right to withdraw pension or retirement benefits." As Judge Buchanan pointed out in the case of *In re Marriage of Dreflak,* "The 'one pot' theory preserved by Ind.Code 31–1–11.5–11(b) specifically prohibits the exclusion of any assets from the scope of the trial court's power to divide and award." (1979) Ind.App., 393 N.E.2d 773, 776, *aff'd on rehearing* 402 N.E.2d 1284. There is no question in the case at bar but that the annuity was funded

by Edwin's earnings for services which he had performed during the marriage.[1] Merely because the income was to be paid in installments instead of a lump sum does not make it "future income" as discussed in *Sadler v. Sadler,* (1981) Ind.App., 428 N.E.2d 1305; *Wilson v. Wilson,* (1980) Ind. App., 409 N.E.2d 1169; or *Wilcox v. Wilcox,* (1977) 173 Ind.App. 661, 365 N.E.2d 792. Here the total amount of the annuity was fixed, readily ascertainable, and payable in eight annual installments whether or not Edwin survived. If Edwin survived, it would be payable to him; if he did not survive, the same amount would be payable either to Ruth Ann or Marcus. This latter fact would be pertinent in determining the present value of the annuity to each of the parties, but not as to the present value of the annuity in and of itself. Judge Robertson has noted that in order to effect a just and equitable distribution of assets, the trial court must have before it a presently ascertainable value for the asset. *Libunao v. Libunao,* (1979) Ind.App., 388 N.E.2d 574, 577, *on rehearing* 390 N.E.2d 695. The court's disposition of the asset need not destroy it, as is the case with other income producing property. A just and equitable division of the marital property, however, requires that consideration be given to this valuable asset in which both parties share an interest.

Whether or not the trial court abused its discretion in effecting a final distribution of marital property depends first of all on whether or not the trial court complied with the statute in considering all the assets of the marriage. It is presumed that the trial court has complied with Indiana Code Section 31–1–11.5–11, but such presumption is rebutted where "it is apparent from the findings and conclusions that the trial court did not properly apply the statute." *Wilson v. Wilson,* 409 N.E.2d at 1174. Failure to consider the annuity as a marital asset is

1. We note that structured settlements funded by annuities or other types of insurance are becoming a favored method of resolving very serious personal injury cases. 14 U.L.A. *Commissioners' Prefatory Note to Model Periodic Payment of Judgments Act* at 21 (Supp.1983).

A structured settlement annuity as a method of paying an attorney in such cases permits the deferral of income for tax purposes. *Id.; see also* 14 U.L.A. *Model Periodic Payment of Judgments Act* § 6(3)(i) (Supp.1983).

contrary to the mandate of the statute and constitutes an error of law. Where the trial court's judgment is contrary to law, it must be set aside. We, therefore, remand this cause to the trial court for a redetermination of the property division in compliance with the statute.

*Issue Two*

█ Ruth Ann argues that the trial court abused its discretion in awarding her only $30.00 per week child support in light of her evidence that she needed at least $523.00 per month. We must point out that the amount of child support which should be ordered is a matter committed to the trial court's discretion. *Branstad v. Branstad,* (1980) Ind.App., 400 N.E.2d 167, 169; *Eppley v. Eppley,* (1976) 168 Ind.App. 59, 63, 341 N.E.2d 212, 215. On review we shall consider the evidence in a light most favorable to the judgment, *Geberin v. Geberin,* (1977) 172 Ind.App. 255, 260, 360 N.E.2d 41, 44, and shall neither weigh the evidence nor judge the credibility of witnesses. *Morphew v. Morphew,* (1981) Ind.App., 419 N.E.2d 770, 779; *Dorsey v. Dorsey,* (1980) Ind.App., 409 N.E.2d 1233, 1235. So long as there is evidence in the record to support the trial court's finding, we shall not set it aside. *Morphew,* 419 N.E.2d at 773. Merely because another award might have been fashioned under the same facts and circumstances is not reason for us to substitute our judgment for that of the trial court. *Geberin,* 172 Ind.App. at 257, 360 N.E.2d at 44; *Tomlinson v. Tomlinson,* (1976) 170 Ind.App. 331, 342, 352 N.E.2d 785, 792, *trans. denied.*

Here the evidence established that Ruth Ann was a public school teacher with an annual salary of around $13,000 and that Edwin was an attorney with an annual income of approximately $45,000. Edwin testified that because he had custody of Marcus about forty per cent of the time in his opinion thirty dollars per week would be a fair and proper amount of child support under the existing circumstances. The court so ordered and in addition ordered him to pay the child's medical and educational expenses. While the award might have been different under the same facts and circumstances before the court, we cannot say either that it was unsupported by the facts and evidence before the trial court or so unreasonable as to constitute an abuse of discretion. The trial court's order with respect to child support must be upheld.

Affirmed upon the order of child support; reversed and remanded on the issue of property settlement. Costs to be assessed to Edwin.

NEAL, J., and ROBERTSON, P.J., concur.