Sabina (Connie) QAZI, Appellant
(Respondent Below),

v.

Haroon QAZI, Appellee
(Petitioner Below).

No. 2–585 A 172.

Court of Appeals of Indiana,
Third District.

May 12, 1986.

Rehearing Denied July 3, 1986.

James R. Fisher, Ice, Miller, Donadio &
Ryan, Indianapolis, for Appellant.

Frank E. Spencer, Indianapolis, for Appellee.

HOFFMAN, Judge.

The parties were granted a divorce on July 17, 1984. The decree contained findings of fact and conclusions of law, and made a distribution of the marital property. Haroon Qazi (Dr. Qazi/husband) filed a motion to correct errors after the entry of the original decree alleging error in portions of the findings and the resultant distribution. Pursuant to this motion, the trial court entered a new order whereby certain changes as requested by Dr. Qazi were made in the distribution. Appellant Connie Qazi (wife) filed a motion to correct errors asserting error in the changes to the original decree. Wife's motion was denied and she now seeks review of the trial court's action in removing the value of pension funds from those items found to be marital property.

The marital estate which is subject to distribution in a dissolution proceeding consists of the property of the parties which was owned by either spouse prior to the marriage, or acquired after marriage and prior to final separation or acquired by joint efforts of the parties. IND.CODE § 31–1–11.5–11. Property is defined as:

"(d) The term 'property' means all the assets of either party or both parties, including a present right to withdraw pension or retirement benefits."

IND.CODE § 31–1–11.5–2(d) (1980).[1]

This language constitutes legislative adoption of the case law which required a

---

1. IND.CODE § 31–1–11.5–2(d) was amended in 1985 to read:

"(d) The term 'property' means all the assets of either party or both parties, including:

present vested interest in property before it could be included in and distributed as marital property. *Koenes v. Koenes* (1985), Ind.App., 478 N.E.2d 1241, 1242.

■ Through his professional corporation, Dr. Qazi set up two pension plans, a money purchase trust and a defined benefit plan. He argued in his motion to correct errors and asserts on appeal that these funds are not subject to immediate withdrawal and, if withdrawn or borrowed against, would be subject to severe tax consequences.[2] Therefore, he argues, the funds are not vested and not subject to inclusion as marital property. In response to this argument, the trial court removed the pension funds from the list of marital assets which ruling wife appeals. Appellee argues the issue on appeal has not been properly presented as there has been nothing denominated an abuse of discretion. However an abuse of discretion depends in the first instance on whether or not the trial court has complied with the statute requiring consideration of all assets of the marriage. *Sedwick v. Sedwick* (1983), Ind. App., 446 N.E.2d 8, *reh. denied.* Since appellant has alleged failure to include all the marital assets, she has properly presented her allegations of error for review. We reverse.

While the court may not include in the marital estate future income of a spouse whether from salary, pension or retirement, *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, 769, *trans. denied,* the principle evidenced by IND.CODE § 31–1–11.5–11(b) is a prohibition of exclusion of any assets of the marriage from the power of

the trial court to make a distribution on dissolution. *Sedwick v. Sedwick, supra.* The characteristics of the pension plans involved, as detailed by the expert actuary who administers the plans, establish that the funds are not future income but presently vested assets.

■ There is no question the pension funds were acquired during the course of the marriage. *See, Sedwick v. Sedwick, supra.* The husband or wife, the only two participants in the plans, could borrow against the accrued contributions and interest, *see, Neffle v. Neffle, supra,* and in fact had done so with draws against the pension funds in the form of loans in a total amount of approximately $128,686.00. The plans had readily ascertainable values at any given time. The money purchase plan was frozen as to contributions in 1982 due to changes in the tax laws and there were no further contributions to it although the earnings on the funds continued. Contributions for wife to the defined benefit plan ended when she terminated her employment in husband's office. She did not remove her benefits from either plan and remained an inactive participant in both plans. Therefore the only active beneficiary of the plans was husband and as the expert actuary stated in response to the question as to Dr. Qazi's interest in the plans: "What is an owner's benefit in a one man plan. It has to be the assets in the plan." When asked whether Dr. Qazi could demand the funds from the plans, the testimony was equivocal, one response indicating he could not so demand the funds and the subsequent response indicating it was unclear whether he could demand and get

---

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage." The amendment and interpreting case law are not applicable to the present case decided prior to the effective date of the amendment.

2. On page 22 of appellee's brief, there is citation to an argument based on an unpublished memorandum decision of this Court. Ind. Rules of Procedure, Appellate Rule 15(A)(3) provides:

"(3) Unless specifically designated 'For Publication', memorandum decisions shall not be published nor shall they be regarded as precedent nor cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel or the law of the case."

A higher degree of professionalism is expected from counsel for appellee.

the funds. However, the evidence as to possible termination of the plans did not indicate they could not be terminated, but that there would be a variety of possible problems associated with a termination. These potential problems concerned tax consequences which were not guaranteed to occur.

The above characteristics distinguish these plans from those such as military benefits where receipt of a lump sum payment is impossible and survival from month to month is necessary to collect the benefits, *Koenes v. Koenes, supra,* or retirement plans requiring compliance with an age and/or service specifications to become payable. *Neffle v. Neffle, supra; Wilson v. Wilson* (1980), Ind.App., 409 N.E.2d 1169, *reh. denied.* The plans involved here are simply tax shelters for the funds of the couple. The possibility of tax consequences or penalties for withdrawal of the funds does not change the character of the asset but is simply a cost of liquidating the asset. *Neffle v. Neffle, supra,* 483 N.E.2d at 770. Therefore the pension plan funds are vested interests for purposes of dissolution and must be included with the other marital assets in making a distribution of marital property.

In placing a value on the plans, the present value should be ascertained. *Libunao v. Libunao* (1979), 180 Ind.App. 242, 388 N.E.2d 574, *on petition for reh.,* 180 Ind.App. 242, 390 N.E.2d 695. This entails consideration of the loans to the parties which represent draws against the funds and any other determined obligations against the funds. However, if the court does not require the liquidation of the plans through order or failure to allocate sufficient other assets to cover the wife's share from the husband, any possible tax consequences associated with liquidation of the plans are too speculative and are not to be calculated to reduce the value of the assets. *Wright v. Wright* (1984), Ind.App., 471 N.E.2d 1240, 1244–1245, *trans denied.*

The cause is reversed and remanded for reconsideration of the marital estate and any redistribution occasioned thereby.

Reversed and remanded.

GARRARD, J., concurs.

CONOVER, J., participating by Designation, concurs.