In re the MARRIAGE OF Wilbur F. ADAMS, Appellant (Petitioner Below),

and

Janice Anne Adams, Appellee (Respondent Below).

No. 49A02–8705–CV–209.

Court of Appeals of Indiana, Third District.

Feb. 29, 1988.

Publication Ordered March 9, 1988.

William A. Hasbrook, John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Bruce M. Pennamped, of counsel Buck, Berry, Landau & Breunig, Indianapolis, for appellee.

HOFFMAN, Judge.

Wilbur F. Adams appeals from the Marion County Superior Court's ruling in his action for the dissolution of his marriage to Janice Anne Adams. Wilbur Adams questions on appeal the trial court's finding that his benefits under the 1953 Police Pension Fund were a divisible marital asset and the trial court's award of 40% of those monthly benefits to Janice Adams.

Wilbur and Janice Adams were married July 11, 1965. Wilbur Adams filed his petition for dissolution of marriage on December 13, 1985, at which time Wilbur Adams had served 19 years and 9 months on the Indianapolis Police Department. Wilbur Adams argues here that since he did not earn the right to collect any pension benefits until March 14, 1986, three months after he filed his petition and the date of his serving 20 years on the department, the trial court erred in including the pension benefits as a divisible marital asset.

Wilbur Adams correctly maintains that on the date he filed his petition for dissolution, he had not yet earned the right to receive any pension funds. The 1953 Indianapolis Police Pension Fund provides a member of the police department who retires after 20 or more years of active duty an annual pension equal to 50% of the salary of a first-class patrolman in the police department. IND.CODE § 36–8–7.-5–12 (1987 Supp.). Not only is a member of the 1953 Pension Fund unable to receive his pension prior to serving 20 years on the department, but that member is also unable to claim a refund of his contribution to the fund if he terminates his or her employment prior to serving 20 years.

See, City of Greenwood et al. v. Smith et al. (1977), 172 Ind.App. 552, 556, 361 N.E.2d 168, 170; and
1977 Op.Atty.Gen. No. 9.

Wilbur Adams also correctly points out that IND.CODE § 31–1–11.5–11(a) and (b) (1987 Supp.) allow a court hearing a dissolution proceeding to divide between the spouses only the property owned by either spouse prior to the "final separation" date, which is the date the petition for dissolution was filed:

"Disposition of property; maintenance
Sec. 11. (a) For purposes of this section, 'final separation' means the date of filing of the petition for dissolution of marriage under section 3 of this chapter.
(b) In an action pursuant to section 3(a) of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner...."

Janice Adams argues here that the 1985 amendments to IND.CODE § 31–1–11.5–2(d) (1987 Supp.) intended to include the future pension benefits of ei-

ther spouse as divisible marital assets in a dissolution proceeding:

"(d) The term 'property' means all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage." (Footnotes omitted.)

IND.CODE § 31–1–11.5–11(d).

Janice Adams' argument is only partly correct: the amendments to IND.CODE § 31–1–11.5–11(d) now allow either spouse's pension benefits to be included as marital assets if those benefits would not be forfeited upon termination of employment, or are vested, even if they are payable after the dissolution of the marriage. It is clear that if Wilbur Adams had terminated his employment on the date of final separation or on any date prior to the final separation, he was not entitled to any pension benefits under the 1953 Police Pension Fund.

> *See,* IND.CODE § 36–8–7.5–12 and
>
> *City of Greenwood, supra,* 361 N.E.2d at 170.

Wilbur Adams' pension benefits were thus not marital property as of the date of the final separation, and the trial court erred in including those benefits as a divisible marital asset and awarding Janice Adams 40% of the benefits. While the division of property pursuant to a dissolution petition is generally within the sound discretion of the trial court, that court must nevertheless follow statutory provisions in reaching its conclusion. *Johnson v. Johnson* (1984), Ind.App., 460 N.E.2d 978, 979.

The judgment of the trial court awarding Janice Adams a portion of Wilbur Adams' pension benefits is reversed.

Reversed.

SHIELDS and MILLER, P.JJ., concur.