**In re The MARRIAGE OF Virginia Lee BICKEL, Appellant (Petitioner),**

**and**

**Robert Ray Bickel, Jr., Appellee (Respondent).**

**No. 52A02–8802–CV–00041.**

Court of Appeals of Indiana,
Second District.

Jan. 30, 1989.

Robert A. Spahr, Peru, for appellant.
Jeffry G. Price, Peru, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant Virginia Lee Bickel (Virginia) appeals from the trial court's property disposition in the dissolution of her marriage to respondent-appellee Robert Ray Bickel, Jr. (Robert), claiming the trial court abused its discretion in failing to award her a portion of Robert's military retirement pay.

We affirm.

## FACTS

Virginia and Robert were married in February of 1969. During their marriage, Robert was on active duty in the United States Air Force, stationed at Grissom Air Force Base in Indiana. Virginia was a housewife, and raised the couple's three children.

Virginia filed a petition for dissolution of marriage on May 26, 1987. A final hearing was held on October 9, 1987, and the trial court entered a decree on October 14, 1987, dissolving the marriage.

Robert retired on July 1, 1987 from the Air Force and began receiving monthly retirement benefits thereafter. Virginia sought forty-five to fifty per cent of his retirement pay in the property disposition.

The trial court's October 14 judgment awarded custody of the three children to Virginia, ordered Robert to pay child support, ordered Robert to provide medical insurance for the children and for Virginia and Robert to divide the uninsured medical costs. Further, the trial court awarded Virginia the newer of the parties' automobiles along with all personal property in her possession including cash savings and bonds. Robert was awarded the other automobile with all personal property in his possession. Finally, the trial court ordered Robert to pay the debt on the automobile awarded to Virginia. The trial court did not mention Robert's military retirement pay in its judgment.

## ISSUE

Virginia appeals, raising one issue, restated as:

Did the trial court abuse its discretion in failing to award Virginia a portion of Robert's monthly military retirement pay in its dissolution decree?

## DISCUSSION

PARTIES' CONTENTIONS—Virginia's basic contention is that under Ind.Code 31–1–11.5–2(d) (1988) she is entitled to a portion of Robert's military retirement pay as part of the "property" distribution, and that the trial court abused its discretion in failing to award her such a portion.

Robert replies that he had no right to receive the retired pay until he completed the Air Force's requirements and then survived month-to-month in order to receive the payments. Therefore, he reasons that because he had no rights to the benefits on the date of final separation, that his retired pay was not an asset subject to disposition. CONCLUSION—The trial court did not abuse its discretion in failing to award Virginia a portion of Robert's military retirement pay, as it was not a marital asset subject to disposition.

IC 31–1–11.5–11(b) directs the trial court in a marriage dissolution proceeding to "divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right *after the marriage and prior to final separation* of the parties, or acquired by their joint efforts, in a just and reasonable manner...." (Emphasis sup-

plied). Under IC 31–1–11.5–11(a) "final separation" is defined as the date of filing of the petition for dissolution of marriage. "Property" which is subject to division includes:

"(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage."

IC 31–1–11.5–2(d).

Here the date of "final separation" was May 26, 1987, the date on which Virginia filed her petition for dissolution. Numerous Indiana cases make clear that property acquired by either spouse in his or her own right after the date of final separation is not subject to division as a marital asset. *See, e.g., In re Marriage of Adams* (1988), Ind.App., 519 N.E.2d 1240; *Irwin v. Irwin* (1980), Ind.App., 406 N.E.2d 317; *In re Marriage of Davis* (1979), 182 Ind.App. 342, 395 N.E.2d 1254, *trans. denied; In re Marriage of Osborne* (1977), 174 Ind.App. 599, 369 N.E.2d 653, *trans. denied.* Robert did not begin receiving the payments until after May of 1987.[1] Therefore, the question becomes one of whether Robert possessed, as specified in IC 31–1–11.5–2(d), the right to receive the retirement payments before May 26, 1987, so that the right would have ripened into a marital asset subject to division by the trial court.

Prior to the enactment of sub-section (3) of IC 31–1–11.5–2(d) in September of 1985, Indiana case law was settled that military retirement pay was not considered an asset subject to division. For instance, in

*Koenes v. Koenes* (1985), Ind.App., 478 N.E.2d 1241, the court reversed the trial court's award to the wife of thirty percent of the husband's military retirement pay, concluding that his retirement pay was not an asset subject to disposition because he could not demand a lump sum payment and was required to survive month-to-month in order to receive the benefits. *Id.; see also Sadler v. Sadler* (1981), Ind.App., 428 N.E. 2d 1305 (court concluded that the trial court erred in including the husband's military retirement benefits as part of the marital assets subject to distribution when husband's receipt of the benefits was conditioned on his survival); *Hiscox v. Hiscox* (1979), 179 Ind.App. 378, 385 N.E.2d 1166, *trans. denied* (trial court properly excluded from property distribution husband's monthly military retirement payments as they were contingent upon his survival and upon the amount of other income).

The subsequent amendment to the statute defining property now includes within the definition the right to receive military retirement benefits. *See* IC 31–1–11.5–2(d)(3). In the case before us, however, Virginia failed to present any evidence to show that Robert had the right to military retirement benefits *prior* to the date of final separation so as to be considered "property" under IC 31–1–11.5–2(d). The only information made available to us through the transcript is that Robert had served 20 years in the military before receiving benefits. The record does not reveal exactly when Robert began active duty in the Air Force, although Virginia testified that at the time they were married on February 15, 1969, that Robert had been in the Air Force "a little over a year, but [not] quite two years yet." *Record* at 44. Virginia related that Robert retired in July of 1987, and received approximately $971 gross per month in retirement benefits.[2] *Record* at 45, 48. Robert did testify that he received the benefits because he retired

1. The record is unclear as to the exact date on which Robert began receiving his retirement benefits, although the evidence demonstrates it was after May of 1987. Documentary evidence submitted by Virginia indicates a payment was made around October of 1987, although the

testimony allows an inference that Robert may have received a payment before October.

2. Robert actually received $976 monthly. *Record* at 67, 103.

after 20 years of service and would receive them only so long as he survived. *Record at 99.*

In *In re Marriage of Delgado* (1982), Ind.App., 429 N.E.2d 1124, this court determined in part that the trial court properly refused to award the wife a share of the husband's pension fund when the wife failed to demonstrate that the fund was vested or should be considered "property" subject to division under IC 31–1–11.5–11.

"The record developed at the dissolution hearing does not really disclose sufficient information to advise the court regarding any vested rights the husband may have had in the pension fund. The wife did not produce any documentary evidence of the terms or conditions of the pension fund."

*Id.* at 1126. The burden was placed upon the wife to show that the husband possessed "property" within IC 31–1–11.5–2(d) which should be included in the marital pot.

From the record before us it would appear that Robert had no present right to withdraw the retirement benefits prior to the date of final separation, and therefore IC 31–1–11.5–2(d)(1) would not apply. Prior to May 26, 1987, Robert had not yet retired, could not receive a lump sum payment of the retirement benefits, and was required to survive month-to-month to receive any payments. *See Qazi v. Qazi* (1986), Ind.App., 492 N.E.2d 692, *trans. denied.* For the same reasons, i.e., that the benefits were conditioned on his survival and could not be paid in a lump sum, it cannot be said that Robert's right to receive the retirement benefits were vested on that date, thus ruling out the application of IC 31–1–11.5–2(d)(2). *See Qazi, supra; Koenes, supra; Wilson v. Wilson* (1980), Ind.App., 409 N.E.2d 1169.

Also, the record does not permit us to conclude that Robert possessed property, defined in IC 31–1–11.5–2(d)(3) as "the right to receive disposable retired or retainer pay ... acquired during the marriage, that is or may be payable after the dissolution of marriage." We would be engaging in pure speculation if we concluded that Robert possessed the right to receive the benefits in May of 1987. Virginia provides no proof concerning the conditions precedent to Robert's right to receive retirement benefits. There is no indication as to when Robert acquired the right to receive the pay. We cannot definitely determine when his 20 years of service commenced or on what date he reached the 20 year mark. Even if we could assume he had served 20 years prior to the filing of Virginia's dissolution petition and that 20 years of service was one requirement for the right to receive the benefits, we have no way of knowing whether there were any other conditions attached to his right to the benefits, or if he had in fact met those conditions. The federal statute referred to in IC 31–1–11.5–11(d)(3) only defines "disposable retired or retainer pay" as the "total monthly retired or retainer pay to which a member is entitled" minus certain specified amounts. *See* 10 U.S.C. § 1408(a)(4)(1982 and Supp.1988). This federal statute, which merely permits state courts to consider military retirement benefits as marital property, in no way answers the question whether Robert had the right to receive the benefits prior to Virginia's petition. For us to attempt to draw an inference where no evidence exists forces us to become mere gazers into a crystal ball.

The burden was on Virginia to produce evidence of the terms or conditions of Robert's retirement benefits and to show that he had the right to those benefits prior to final separation. *See Delgado, supra.* This she did not do. So the trial court did not err in failing to include Robert's retirement pay as a part of the marital assets (property) subject to division. This is not to say that the trial court should not consider the fact that Robert began to receive retirement pay after the date of final separation in determining a just and reasonable property disposition. *See id.; Irwin, supra.* However, Virginia only argues that the trial court abused its discretion in failing to include those benefits as part of the marital assets subject to division. As explained above, this was not error. *See Adams, supra; Davis, supra.*

For these reasons, the trial court's judgment is affirmed.

NEAL, J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

I view the issue presented by Virginia Bickel to be that the court erroneously failed to consider the military retirement benefits as a marital asset. I do not believe she focuses exclusively upon failure to directly award those benefits or a portion thereof to her.

Clearly, if the benefits were includable as a marital asset, the court would be required to consider them in effecting an equitable property distribution. The court, however, would not necessarily have to award the benefits or a portion thereof directly to her. The court might very well achieve equity by awarding her other property.

In any event, I do not subscribe to the test stated by the majority as a generality for determining whether or not benefits other than military retirement benefits have become vested pursuant to IC 31–1–11.5–2(d)(2) (Burns Code Ed. Repl.1987). *See Porter v. Porter* (1988) 1st Dist. Ind. App., 526 N.E.2d 219, *trans. pending*. Be that as it may, I concur in result because appellant concedes that the pension benefits were not vested at the time the petition for dissolution was filed (Appellant's brief at 12) and for the further reason that Virginia's evidence is deficient in establishing whether the pension benefits were vested or whether contributions made, if any, might be recovered.