In re the MARRIAGE OF Virginia Lee BICKEL, Appellant (Petitioner),

and

Robert Ray Bickel, Jr., Appellee (Respondent).

No. 52A02–8802–CV–00041.

Court of Appeals of Indiana, Second District.

May 15, 1989.

Robert A. Spahr, Peru, for appellant.

Jeffry G. Price, Peru, for appellee.

ON REHEARING

BUCHANAN, Judge.

In our original opinion appearing as *In Re: Marriage of Bickel* (1989), Ind.App.,

533 N.E.2d 593, we affirmed the trial court's division of property, a division which did not include Robert's military retirement benefits as part of the marital pot. Due to circumstances beyond our control, we now grant Virginia's petition for rehearing, vacate our previous decision and reverse the trial court's division of property.

In our original opinion (handed down January 30, 1989) we characterized Robert's military benefits as property acquired by his own right, and decided, therefore, that such property had to be acquired prior to the final separation of the parties to be included in the property division. We relied in part on this court's decision in *In Re: Marriage of Adams* (1988), Ind.App., 519 N.E.2d 1240. However, our supreme court recently reversed that decision, *In Re: Marriage of Adams* (1989), Ind., 535 N.E. 2d 124. The pension benefits were held to be property acquired by the joint efforts of the parties, and therefore were *not* subject to the limitation that the property be acquired prior to the final separation of the parties to be included in the property division.

The Bickels, in this case, had been married for 18 years at the time of final separation, and Robert had been enlisted in the Air Force for about two years when they were married. The record also reflects that Virginia, a housewife, had agreed to Robert's requests to actively participate in various military wive's clubs and social activities for the purpose of furthering Robert's career opportunities. *Record* at 70–71. Virginia petitioned for dissolution just prior to Robert's twentieth year of service with the Air Force. Robert retired and began to receive his military retirement benefits between the filing of the petition and the final hearing on dissolution. The trial court divided the property, but made no mention of Robert's military retirement benefits.

Because the Bickels were married for most of Robert's military career, and because of the effort expended by Virginia to further Robert's career, we believe that the joint efforts of both spouses were invested so that one of them would earn pension rights. Following the rationale established by the supreme court, we must conclude that at least a portion of the military retirement benefits were acquired by their joint efforts and should have been included in the property division. *Adams, supra.* Accordingly, we remand with instructions to the trial court to modify its decree to show the disposition of the retirement benefits, as it may in its discretion deem proper.

Our previous decision is vacated, the judgment is reversed and remanded to the trial court for proceedings consistent herewith.

SULLIVAN and NEAL, JJ., concur.